IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CORNELIUS THOMAS, | ) | |
| AIS # 279753, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:26-CV-614-WKW |
| | ) | [WO] |
| | ) | |
| JOSEPH H. HEADLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

## A. Show Cause: Failure to Pay Initial Partial Filing Fee

Plaintiff Cornelius Thomas, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint (Doc. # 1), an application for leave to proceed *in forma pauperis* (Doc. # 2), and his prisoner trust fund account statement (Doc. # 3). However, the account statement submitted by Plaintiff reflected only the balance in and deposits to his account between April 15, 2026, and May 11, 2026. (*See* Doc. # 3.) By Order dated July 30, 2026, Plaintiff was instructed to file an account statement reflecting the average monthly balance in and average monthly deposits to his prison account for the six-month period immediately preceding the filing of his complaint. (Doc. # 4 ("July 30 Order").) In compliance with the July 30 Order, Plaintiff filed an updated account statement. (Doc. # 6 at 3.)

Based on the updated financial information submitted by Plaintiff, an initial partial filing fee of $16.40 was assessed on August 11, 2026. (Doc. # 7 ("August 11 Order").) The August 11 Order set a deadline of September 1, 2026, for Plaintiff to pay the initial partial filing fee and expressly cautioned that his failure to do so would result in dismissal of this action. (Doc. # 7 at 2, 5.) To date, Plaintiff has not paid the $16.40 initial partial filing fee as directed. Because Plaintiff has failed to comply with the August 11 Order, this case is due to be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). However, the Eleventh Circuit has instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **September 17, 2026**, why this action should not be dismissed without prejudice for his failure to pay the $16.40 initial partial filing fee as directed.

It is Plaintiff's responsibility to submit the appropriate paperwork to the prison account clerk for transmission of funds to the court for payment of the initial partial filing fee. To aid Plaintiff and those persons having custody of Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to furnish a copy of this Memorandum Opinion and Order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that no funds may be taken from Plaintiff's account for payment of the initial partial filing fee without permission of Plaintiff either by his request for the payment or his written agreement to pay the fee.

If funds have been dispersed from Plaintiff's account in the time since his initial partial filing fee was assessed, and the funds are no longer available to him, Plaintiff must arrange for payment of the fee upon receipt of additional funds in his account. If Plaintiff is unable to pay the initial partial filing fee, he must inform the court and request an extension of time to pay the fee.

Plaintiff is CAUTIONED that his failure to comply with any provision of this Memorandum Opinion and Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court.

## B. Plaintiff's Motion to Appoint Counsel

Before the court is Plaintiff's motion to appoint counsel. (Doc. # 8.) Plaintiff's motion, in its entirety, says, "I need a lawyer appointed to me in my case. Please! From the United States District Court. I need assistance of counsel." (Doc. # 8.)

A plaintiff in a civil case has no constitutional right to counsel. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam)). Generally, appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole*, 819 F.2d at 1028). Although Plaintiff has been granted leave to proceed *in forma pauperis* (*see* Doc. # 7), and 28 U.S.C. § 1915(e)(1) says that "the court *may* request an attorney to represent any person unable to afford counsel" (emphasis added), the court has broad discretion in deciding whether appointment of counsel is appropriate. *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999) (per curiam).

Upon review of the record, the issues raised in Plaintiff's complaint are not novel or unduly complex, and it appears that Plaintiff is able to articulate facts and grounds for relief without notable difficulty. Moreover, Plaintiff has not made a showing of exceptional circumstances necessary to justify the appointment of counsel at this time.

Based on the foregoing, Plaintiff's motion to appoint counsel (Doc. # 8) is DENIED at this time. The court will reconsider this issue at a later date if warranted by the circumstances of this case.

DONE this 3rd day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE